IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| A BRAND COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 3:17CV166-FDW-DSC |
| MARC ROY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Stay Litigation Pending Arbitration" (document #3) as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Plaintiff's claims arise from the June 30, 2015 merger between A Brand Company, LLC, and Brand Alliance, Inc., and their respective shareholders. These entities executed a Merger Agreement. In its Complaint, Plaintiff alleges that it is "the successor entity arising out of" the subject merger. Document #1-1 at 10.

Article 5, Section 5.3 of the Merger Agreement expressly states that the parties:

will first attempt to settle for a period of ten days any dispute arising out of or relating to this Agreement through good faith negotiation in the spirit of mutual cooperation between their respective Representatives with authority to resolve the dispute. If the Parties are unable to settle or resolve any dispute, the dispute shall be arbitrated and finally resolved pursuant to JAMS Expedited Arbitration procedures.

Plaintiff's predecessors also agreed to submit to the jurisdiction of the Province of Ontario courts, with any disputes arising from the Merger Agreement being governed by the laws of the Province of Ontario and the laws of Canada applicable in that Province without regard to conflict of laws.

Prior to the merger, Roy was employed by Plaintiff's Canadian predecessor as its Chief Executive Officer. He negotiated the Merger Agreement on behalf of that entity and its shareholders. After the merger, Roy became Plaintiff's Executive Chairman pursuant to a two-year employment agreement.

On December 21, 2016, Plaintiff and its U.S. shareholders served a notice of claims pursuant to Article 6, Section 6.3 of the Merger Agreement. In the notice of claims, Plaintiff asserted claims for fraud and misrepresentation in connection with the merger negotiations. The notice specifically sought the rescission of various executives' employment agreements, including Roy's. In short, Plaintiff's claims arise from and relate to the Merger Agreement.

On January 30, 2017, Plaintiff's Board of Directors terminated Roy's employment agreement for "cause."

On January 31, 2017, Plaintiff initiated the present action in Mecklenburg County Superior Court by filing an Application and Order Extending Time to File Complaint.

On February 6, 2017, Roy filed a Notice of Action with the Superior Court of Ontario, seeking damages for breach of contract and wrongful dismissal.

On February 20, 2017, Plaintiff filed its Complaint in state court, asserting claims for fraud, breach of fiduciary duty, breach of employment agreement, breach of implied covenant of good faith and fair dealing, unjust enrichment and violation of North Carolina's Unfair and Deceptive

Trade Practices Act. Plaintiff's Complaint further seeks to declare Roy's employment agreement void pursuant to the North Carolina Declaratory Judgment Act.

On March 28, 2017, Defendant removed Plaintiff's state court action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446.

The Federal Arbitration Act, through its implementation of the Convention of the Recognition and Enforcement of Foreign Arbitral Awards, provides the mechanism for a stay of these proceedings. See 9 U.S.C. § 3 and § 202.

Plaintiff opposes arbitration primarily on the grounds that it is not a signatory to the Merger Agreement. Document# 14 at 1-10. Plaintiff concedes that the arbitration issue lies with the Court. Id. at 10.

In his Reply, Defendant points out that the Agreement specifies the rights and obligations under it "shall enure to the benefit of, and be binding on, the Parties and their respective successors and permitted assigns." Document #16 at 2. Arbitration provisions are binding upon a non-signatory successor corporation, particularly where a substantial continuity of interest exists between the predecessor and successor entities. Such is the case here. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 546-51 (1964).

For these and the other reasons stated in Defendant's briefs, the Court will grant his Motion and compel the parties to arbitrate their claims in accordance with the Agreement.

**IT IS HEREBY ORDERED** that:

1. Defendant's "Motion to Stay Litigation Pending Arbitration" (document #3) is **GRANTED**. This matter is **STAYED** pending arbitration.

2. The parties are **ORDERED** to arbitrate Plaintiff's claims within the Province of Ontario, Canada, in accordance with the Merger Agreement pursuant to 9 U.S.C. §§ 3-4 and § 206.

3. The parties are further **ORDERED** to file a Status Report with the Court within ninety days of entry of this Order and file subsequent Reports every ninety days thereafter.

4. The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

**SO ORDERED**.

Signed: May 8, 2017

David S. Cayer
United States Magistrate Judge